UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FERA PHARMACEUTICALS, LLC, ALFERA
PHARMACEUTICALS, LLC, FERANDA, LLC,
BACI 007, LLC, and FERA HOLDINGS, LLC,

Plaintiffs,

-against-

XELLIA PHARMACEUTICALS ApS,

Defendant.
------------------------------------------------------------X

Index No.  17-cv-1480

COMPLAINT

Plaintiffs Fera Pharmaceuticals, LLC, Alfera Pharmaceuticals, LLC, Feranda, LLC, BACI 007, LLC, and Fera Holdings, LLC (collectively, "Fera") bring this action against Defendant Xellia Pharmaceuticals ApS ("Xellia") and allege as follows:

## BACKGROUND

1. On September 12, 2012, Fera initiated an action in the Supreme Court of the State of New York in the County of New York against Akorn, Inc. ("Akorn"), Timothy Dick, Joseph Bonaccorsi, Mark Silverberg, Sean Brynjelsen ("Brynjelsen"), and Michael Stehn ("Stehn") alleging claims for (1) breach of contract, (2) unfair competition, (3) misappropriation of trade secrets, (4) fraudulent inducement, (5) declaratory judgment, and (6) injunctive relief.

2. On October 15, 2012, Akorn removed the action to the United States District Court for the Southern District of New York.

3. On December 21, 2012, Fera filed an amended complaint against Akorn, Brynjelsen, and Stehn, alleging the same claims.

4. The Court dismissed Fera's unfair competition and injunction claims. All of the other claims survived.

1

5.      On January 13, 2015, Akorn filed counterclaims against Fera, Perrigo Company of Tennessee, and Perrigo Company PLC (collectively, "Perrigo"), and several other related entities, alleging (1) violation of Section 1 of the Sherman Act (unlawful contract, combination, or conspiracy in restraint of trade); (2) violation of Section 2 of the Sherman Act (attempt to monopolize, conspiracy to monopolize, and monopolization of the market for generic bacitracin); and (3) tortious interference with business relations.

6.      All counterclaims survived Fera and Perrigo's motions to dismiss.

7.      According to Akorn's counterclaims, which are attached as **Exhibit 1**, in June 2013, Fera and Perrigo purportedly "implemented a scheme to monopolize the U.S. market for Bacitracin ophthalmic ointment ('Bacitracin'), with the specific aim of disrupting Akorn's imminent entry into that market." (Akorn Counterclaim ¶ 1.)

8.      Akorn alleges that Fera and Perrigo effected their illicit scheme by executing two related agreements. (*Id.* ¶ 3.) Fera and Perrigo entered into an Asset Purchase Agreement ("APA"), under which Perrigo acquired the rights to Fera's products, including Bacitracin. (*Id.*) According to Akorn, as a condition of entering into and closing the APA, Perrigo required that Fera sign a Supply Agreement with Xellia to lock up the rights to its sterile Bacitracin active pharmaceutical ingredient ("API"). (*Id.*)

9.      Akorn contends that because Xellia is the only supplier of API, Fera's API Supply Agreement with Xellia—which was immediately assigned to Perrigo in the APA—prevented Akorn from entering the market. (*Id.*) It also required Xellia to revoke a prior letter of authorization confirming that it would supply Akorn with API for its Bacitracin Abbreviated New Drug Application, which further guaranteed that Akorn couldn't enter the market. (*Id.* ¶ 5.) In return for exclusivity, Fera/Perrigo paid Xellia a royalty on every unit of Bacitracin sold, in addition to the costs of the API. (*Id.* ¶ 46.)

2

10. According to Akorn, the API Supply Agreement with Xellia is "[t]he **cornerstone** of [Fera, Perrigo, and Xellia's] scheme to eliminate and foreclose competition in the Bacitracin market." (*Id.* ¶ 90 (emphasis added).) "The [API Supply Agreement] unreasonably restrains trade and commerce in violation of Section 1 of the Sherman Antitrust Act . . . by denying other companies, including Akorn, access to a necessary input (sterile Bacitracin API) to compete[.]" (*Id.* ¶ 93.) The API Supply Agreement similarly lies at the heart of Akorn's Section 2 claims. (*Id.* ¶ 102.)

11. In addition to damages, Akorn seeks equitable relief as a remedy for Fera, Perrigo, and Xellia's alleged antitrust violations. Specifically, Akorn requests "[i]njunctive relief sufficient to prevent Fera and/or Perrigo from violating the antitrust laws, or otherwise engaging in conduct designed to prevent Akorn from entering the market for generic Bacitracin[.]" (*Id.*, Prayer for Relief.) In other words, Akorn asked the court to invalidate or set aside the API Supply Agreement entered into between Fera and Xellia.

12. On February 6, 2017, Fera provided Xellia with notice to "vouch in" to the action.

13. On February 10, 2017, Xellia's counsel responded: "Vouching in is not appropriate in this case, and Xellia does not intend to do so."

## THE PARTIES

14. Plaintiff Fera Pharmaceuticals, LLC is a limited liability company organized under the laws of New York with its principal place of business at 134 Birch Hill Road, Locust Valley, New York 11560.

15. Plaintiff Alfera Pharmaceuticals, LLC is a limited liability company organized under the laws of New York with its principal place of business at 134 Birch Hill Road, Locust Valley, New York 11560.

16. Plaintiff Feranda, LLC is a limited liability company organized under the laws of New York with its principal place of business at 134 Birch Hill Road, Locust Valley, New York 11560.

17. Plaintiff Baci 007, LLC is a limited liability company organized under the laws of New York with its principal place of business at 134 Birch Hill Road, Locust Valley, New York 11560.

18. Plaintiff Fera Holdings, LLC is a limited liability company organized under the laws of New York with its principal place of business at 134 Birch Hill Road, Locust Valley, New York 11560.

19. On information and belief, Defendant Xellia Pharmaceuticals ApS is a corporation organized and existing under the laws of Denmark, having its corporate headquarters at Dalslansgade 11, 2300 Copenhagen S, Denmark.

### JURISDICTION AND VENUE

20. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiffs and Defendant.

21. This Court has specific personal jurisdiction over Xellia under New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), because Xellia supplies goods in New York. Xellia has sent—and continues to send—sterile Bacitracin active pharmaceutical ingredient ("API") to Perrigo's warehouse in the Bronx, New York.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3).

### FACTUAL ALLEGATIONS

23. In June 2013, Fera Pharmaceuticals, LLC and Xellia Pharmaceuticals ApS executed a Supply Agreement for sterile Bacitracin API, which Xellia supplies, which is attached as **Exhibit 2**.

24. Xellia controls access to its sterile Bacitracin API.

25. Xellia made a business decision to enter into the API Supply Agreement with Fera (and to consent to its assignment to Perrigo).

26. Xellia drafted the API Supply Agreement.

27. The API Supply Agreement contains an indemnification provision:

> **[Xellia] shall indemnify, defend and hold harmless [Fera]**, **its Affiliates, officers, directors, employees, agents, and their respective successors and assigns from and against any and all loss, damage, claim, injury, cost or expenses (including without limitation reasonable attorney's fees), incurred in connection with Third Party claims of any kind that arise out of or are attributable to**: (i) Seller's breach of any of its warranties, representations, covenants or obligations set forth herein; (ii) the API infringes any patent, copyright, trade secret, trademark or other intellectual property right within the Territory; or (iii) **the negligent act or omission of Seller or its Affiliates, including gross negligence and intentional misconduct**.

(*Id.* at ¶ 11(a).) (emphasis added).

28. In the event that the court finds Fera liable on Akorn's counterclaims, Xellia is liable to Fera in indemnity because the resulting damages would be caused by the negligent and/or intentional acts of Xellia.

## COUNT I: CONTRACTUAL INDEMNITY

29. Fera incorporates by reference the preceding paragraphs as if fully set forth herein.

30. Fera and Xellia executed the API Supply Agreement.

31. The API Supply Agreement contains an indemnification provision:

> **[Xellia] shall indemnify, defend and hold harmless [Fera]**, **its Affiliates, officers, directors, employees, agents, and their respective successors and assigns from and against any and all loss, damage, claim, injury, cost or expenses (including without limitation reasonable attorney's fees), incurred in connection with Third Party claims of any kind that arise out of or are attributable to**: (i) Seller's breach of any of its warranties, representations, covenants or obligations set forth herein; (ii) the API infringes any patent, copyright, trade secret, trademark or other intellectual property right within the Territory; or (iii) **the negligent act or omission of Seller or its Affiliates, including gross negligence and intentional misconduct**.

5

(*Id.*) (emphasis added).

32. According to Akorn, the API Supply Agreement with Xellia is "[t]he **cornerstone** of [Fera, Perrigo, and Xellia's] scheme to eliminate and foreclose competition in the Bacitracin market." (Counterclaims ¶ 90 (emphasis added).)

33. Xellia controls access to its sterile Bacitracin API.

34. Xellia made a business decision to enter into the API Supply Agreement with Fera (and to consent to its assignment to Perrigo).

35. In the event that the court finds Fera liable on Akorn's counterclaims, Xellia is liable to Fera in indemnity because the resulting damages would be caused by the negligent and/or intentional acts of Xellia.

### REQUEST FOR RELIEF

**WHEREFORE**, to the extent Fera is found liable for any amount of damages to Akorn, Fera requests that the Court award it indemnity from Xellia for any and all such amounts, plus the costs and expenses associated with and incurred as a result of defending these claims.

### JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

| | |
|---|---|
| Dated: New York, New York<br>February 28, 2017 | Respectfully submitted,<br><br>*/s/ Paul J. Napoli*<br>Paul J. Napoli<br>Paul B. Maslo<br>Salvatore C. Badala<br>Napoli Shkolnik PLLC<br>360 Lexington Avenue, 11th Floor<br>New York, New York 10017<br>(212) 397-1000  (Phone)<br>(646) 843-7603  (Fax)<br>Email: pnapoli@napolilaw.com<br>            pmaslo@napolilaw.com<br>            sbadala@napolilaw.com<br><br>*Counsel for Plaintiffs* |